**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SURINDER KAUR; et al., | No. 09-73209 |
| Petitioners, | Agency Nos.     A096-167-433 |
| v. | A096-167-434 |
| | A096-167-435 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | ORDER and MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued January 13, 2014
Submitted March 6, 2015
San Francisco, California

Before: McKEOWN,** TALLMAN, and IKUTA, Circuit Judges.

This case is submitted as of the date of this order.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*     Judge McKeown was drawn to replace Judge Alarcón following his death. Judge McKeown has read the briefs, reviewed the record, and listened to the audio recording of oral argument held on January 13, 2014.

Surinder Kaur petitions for review of the Board of Immigration Appeals's (BIA) denial of her application for asylum and withholding of removal. Kaur's petition for review was timely filed, *see Abdisalan v. Holder*, 774 F.3d 517 (9th Cir. 2014) (en banc), and we have jurisdiction over this appeal under 8 U.S.C. § 1252(a)(1).

The BIA erred in concluding that *Dinu v. Ashcroft*, 372 F.3d 1041 (9th Cir. 2004) foreclosed Kaur's asylum claim. While legitimate criminal investigation or prosecution does not constitute persecution on the basis of a protected ground, *see id.* at 1044, Kaur credibly testified that she was beaten and raped by a police inspector, which did not constitute "interrogation tactics . . . directed at the legitimate goal of finding evidence of crime," *id.* Because her abuse was not part of a legitimate criminal investigation, her claim was not foreclosed by *Dinu*, and therefore the BIA erred in failing to consider Kaur's claim of persecution on account of a protected ground.

Moreover, even if there had been a legitimate prosecutorial purpose for such actions, the BIA erred in failing to consider whether Kaur presented sufficient evidence that her persecution was motivated in part by her political opinion. *See Singh v. Gonzales*, 439 F.3d 1100, 1112 (9th Cir. 2006) (noting that an asylum

claim can succeed if one of the motives for persecution was based on a protected ground).

We therefore remand to the BIA to consider Kaur's claim that she was persecuted based on imputed political opinion. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

**PETITION GRANTED**.